**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**10-20704-CR-PAS**

UNITED STATES,

v.

JONATHAN CHACON,

     Defendant.
_____/

ORDER DENYING EMERGENCY MOTION
FOR HALFWAY HOUSE REINSTATEMENT

THIS MATTER is before the Court upon Defendant Jonathan Chacon's Emergency Motion for Halfway House Reinstatement by this Sentencing Court (DE 137). As discussed below, because the Court has no authority to order the Bureau of Prisons ("BOP") to place the Defendant at a halfway house, the Defendant's Motion is denied.

I.    Background

After pleading guilty to one count of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. 846, on March 16, 2011, Defendant was sentenced 112 months' imprisonment. (DE 11). On May 4, 2015, Defendant's sentence was reduced to 93 months to be followed by five years of supervised release (DE 104). After Defendant served his term and was released from imprisonment, he was placed on supervised release on December 13, 2017.

After violating several conditions of his supervised release, on June 19, 2019, Defendant's Supervised Release term was revoked, and he was committed to the custody of the Bureau of Prisons (BOP) for a term of twenty-seven months (27) with no term of supervised release to follow (DE 133).

In the Motion, Defendant asserts that the BOP was supposed to transfer him from Pollock Penitentiary to a halfway house on September 22, 2020 but refused to do so due to two misdemeanor warrants issued in California. Defendant contends that the BOP's refusal to place him at a half-way house is a violation of his Constitutional right to liberty.  Citing 18 U.S.C. § 3583, he requests this Court order the BOP to reinstate his placement at a halfway house.  The Defendant has not cited any other basis for the relief he seeks.[1]

II.   Analysis

A.  *The Court Has No Authority to Direct the BOP to Place the Defendant in a Halfway House*

Title 18 U.S.C. § 3621(b) vests BOP with authority to designate the place of a federal prisoner's confinement. *United States v. Sonny Austin Ramedo*, 705 Fed. Appx. 839, 840-41 (11th Cir. 2017) (noting the BOP's wide discretion in classifying and housing prisoners).  Once the Court imposes a sentence, the BOP, not the Court, designates the prisoner's place of imprisonment. Any Court order, recommendation or request to determine or change a defendant's place of imprisonment is not binding on the BOP nor is any BOP placement subject to court review.  Furthermore, 18 U.S.C. § 3624(c)(1), directs only the BOP, to the extent practicable, to ensure that an in-custody defendant spends a portion of the final months of that term (not to exceed 12 months), under conditions that will give the defendant a reasonable opportunity to adjust to and prepare for the reentry into the community. Such conditions may include a residential re-entry center "RRC" or another type of community correctional center ("CCC"), known as "halfway houses." See 18 U.S.C. § 3624(c)(1); 28 C.F.R. §§ 570.20(a),

---

[1] The Defendant makes a passing reference to prison life being dangerous because of COVID-19 and his work assignment in a COVID-19 quarantined dorm but does not request compassionate release consideration.

570.21(a). Thus, this Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house. See *United States v. White*, No. 18-CR-60174-BB, 2020 WL 2937696, at *2 (S.D. Fla. June 3, 2020) (a district court has no authority to order the BOP to release the defendant to a halfway house).

      The Defendant cites 18 U.S.C. § 3583 to support his Motion. However, that section only addresses the Court's authority to require a term of supervised release *after* imprisonment. It does not provide authority for the Court to direct the BOP where to place a defendant while serving a term of imprisonment.

      The BOP's website reflects that the Defendant is due to be released from Pollock USP on January 15, 2021. That date falls within the sentence of imprisonment that the Court imposed in June of 2019, and thus Defendant is not being held in violation of this Court's sentence. Simply put, the Court has no legal basis to grant the Defendant's request.

      B. *There Are No Outstanding Warrants for the Defendant from California*

      Defendant contends in his motion that outstanding warrants are the cause of the BOP's actions. Although the Court lacks authority to direct the BOP where to place the Defendant while imprisoned, the Court requested the U.S. Probation Office to conduct a records check to ascertain whether the Defendant has any outstanding warrants in California. In response, United States Probation Officer Chekia Hill reported that she was unable to locate any outstanding warrants for the Defendant in California. Additionally, she contacted the BOP, Pollock USP, in Louisiana and spoke to a case manager who failed to locate any outstanding warrant from California. Finally, USPO Hill researched a warrant referenced in Defendant's PSI. The warrant was issued out of Linn County, Oregon for Defendant's failure to appear on charges including providing false information to the Police and failure to carry or present an operator's license.

However, when USPO Hill contacted the Linn County Sheriff's Office, she was advised that the warrant was recalled in 2018.  Thus, the Court has not been able to locate any outstanding warrants for the Defendant despite the contentions in his Motion.  Therefore, it is

**ORDERED** that Defendant Jonathan Chacon's Emergency Motion for Halfway House Reinstatement by this Sentencing Court (DE 137) is **DENIED.**

**DONE and ORDERED** in Miami, Florida, this 3rd day of November, 2020.

*(signature)*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE